IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DONALD ROY MILLER,

    Petitioner,                           No. CIV S-04-2446 DFL KJM P

   vs.

A.K. SCRIBNER, Warden,

    Respondent.                         FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a state prison inmate proceeding pro se with a petition for a writ of habeas corpus under 28 U.S.C. § 2254. He challenges his Placer County convictions for possession of methamphetamine, maintaining a place for the sale or possession of methamphetamine, failure to register as a drug offender, possession of less than 28.5 grams of marijuana, furnishing methamphetamine, marijuana and alcohol to a minor, and soliciting a minor to use or sell methamphetamine. His habeas petition raises ten grounds in support of his petition: (1) the court improperly defined the word "furnishing" in response to a question from the jury; (2) the court did not instruct properly on the essential element of simple possession; (3) several of the counts are not supported by sufficient evidence; (4) the trial court should have given accomplice instructions sua sponte; (5) the court admitted irrelevant and prejudicial evidence; (6) the court erred in failing to instruct on the lesser included offense of contributing to

1

the delinquency of a minor; (7) a sentencing enhancement based on the age of the offender violates equal protection (8) sentences for three enhancements were imposed improperly; (9) sentences for the marijuana possession charges were improperly imposed; and (10) improper multiple sentences were imposed.

Respondent has filed a motion to dismiss, arguing that the petition is "mixed" because it contains exhausted and unexhausted claims. He has lodged a number of documents with the court in support of the motion.

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondents' counsel. 28 U.S.C. § 2254(b)(3).[1] A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. <u>Picard v. Connor</u>, 404 U.S. 270, 276 (1971); <u>Middleton v. Cupp</u>, 768 F.2d 1083, 1086 (9th Cir. 1985).

The state court has had an opportunity to rule on the merits when the petitioner has fairly presented the claim to that court. The fair presentation requirement is met where the petitioner has described the operative facts and legal theory on which his claim is based. <u>Picard</u>, 404 U.S. at 277-78. Generally, it is "not enough that all the facts necessary to support the federal

/////
/////
/////
/////
/////
/////

---

[1] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

claim were before the state courts . . . or that a somewhat similar state-law claim was made." Anderson v. Harless, 459 U.S. 4, 6 (1982). Instead,

> [i]f state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan v. Henry, 513 U.S. 364, 365 (1995). Accordingly, "a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief." Gray v. Netherland, 518 U.S. 152, 162-63 (1996). The United States Supreme Court has held that a federal district court may not entertain a petition for habeas corpus unless the petitioner has exhausted state remedies with respect to each of the claims raised. Rose v. Lundy, 455 U.S. 509 (1982). A mixed petition containing both exhausted and unexhausted claims must be dismissed.

In the petition for review filed in the California Supreme Court, petitioner raised the following grounds: (1) did the trial court properly define the term "furnish" in its instructions to the jury; (2) does the jury instruction on simple possession of drugs improperly omit a requirement that the drugs must be in a form sufficient to be used as drugs; (3) is a minor who aids and abets an adult in furnishing drugs to other minors an accomplice; (4) do sentencing enhancements based on age violate the equal protection clause; and (5) were convictions of several of the counts supported by substantial evidence? Lodged Document (Doc.) 5 (Petition for Review). These grounds correspond to grounds one through four and ground seven of the federal petition. Accordingly, grounds five and eight through ten of the federal petition were not presented to the California Supreme Court and are not exhausted.

Respondent argues that grounds two and four are not exhausted as well, for although the issues were presented to the California Supreme Court, they were presented on state, not federal grounds.

In ground two of the petition for review, petitioner argued that

> [t]he issue for review, therefore, is whether the "useable in form" element of the offense as described in *Leal* and *Rubacalba*[2] is limited only to substances chemically transformed to be unusable, or whether it applies to any substance useless in form, such as scattered residue that a criminalist reassembles into usable quantity.

Doc. 5 at 11-12. He does not cite any federal case law or constitutional provisions in his argument. This claim thus is not exhausted.

In ground four of the petition for review, petitioner argued that California Health and Safety Code § 11380.1, which imposes a sentencing enhancement based on the difference in age between a defendant and the person to whom he furnished drugs,

> violates principles of equal protection by making the age of the perpetrator an element of the criminal offense. In so doing, the penal statue draws an irrational distinction between youthful and older adult offenders based on age.

Doc. 5 at 14. Petitioner does not cite the Fourteenth Amendment to the United States Constitution or any federal cases in support of his argument.

Although a petitioner need not cite "book and verse on the federal constitution," Picard, 404 U.S. at 278 (quotation marks and citations omitted), he cannot exhaust by "general appeals to broad constitutional principles, such as . . .equal protection. . . ." Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999). Mentioning "equal protection" once is insufficient to exhaust state remedies. Fields v. Waddington, 401 F.3d 1018, 1022 (9th Cir.), cert. denied, ___ U.S. ___, 126 S.Ct. 738 (2005).

The only case citation in petitioner's argument on ground four is to a California case, which analyzes a state statute to determine whether it violates "equal protection," but does not rely on the federal constitution or federal case law in its analysis. See People v. Gonzalez, 81

---

[2] People v. Leal, 64 Cal.2d 504 (1966) and People v. Rubacalba, 6 Cal.4th 62 (1993).

1  Cal.App.3d 274 (1978).  This citation is not sufficient to exhaust state remedies.  <u>Compare</u>
2  <u>Peterson v. Lampert</u>, 319 F.3d 1153, 1158-59 (9th Cir. 2003) (citation to state case that analyzes
3  federal constitutional issue is sufficient to exhaust).
4         Accordingly, only claims one, three and seven of the state petition have been
5  exhausted.
6         Generally, a mixed petition is subject to dismissal, with the petitioner given a
7  chance to file an amended petition containing only exhausted claims.  <u>Rose</u>, 455 U.S. at 522.
8  However, in <u>Rhines v. Weber</u>, 544 U.S. 269, 125 S.Ct. 1528, 1535 (2005), the Supreme Court
9  recognized the district court's authority to stay a mixed petition if it finds good cause for
10 petitioner's failure to exhaust earlier and merit to the claims petitioner is seeking to exhaust.
11 Petitioner has not made such a request or showing.
12        Accordingly, IT IS HEREBY RECOMMENDED that respondent's motion to
13 dismiss be granted and leave be given for petitioner to file an amended petition containing only
14 exhausted claims.  Any amended petition should be filed within thirty days of adoption of these
15 Findings and Recommendations, if they are adopted.
16        These findings and recommendations will be submitted to the United States
17 District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within
18 twenty days after being served with these findings and recommendations, any party may file
19 written objections with the court and serve a copy on all parties.  Such a document should be
20 captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the
21 /////
22 /////
23 /////
24 /////
25 /////
26 /////

1  objections shall be served and filed within five days after service of the objections.  The parties
2  are advised that failure to file objections within the specified time may waive the right to appeal
3  the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
4  DATED: February 27, 2006.

　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

9  2/mill2446.157