IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DONALD ROY MILLER,

    Petitioner,                      No. CIV S-04-2446 RRB KJM P

   vs.

A.K. SCRIBNER, Warden,

    Respondent.                  FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prison inmate proceeding pro se with a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his Placer County conviction on several charges. Respondent has filed a motion to dismiss.

I. Background

        On November 16, 2004, the Fresno Division transferred the case to this court and on December 10, 2004, the court directed the warden to respond to the petition. On March 16, 2005, respondent filed a motion to dismiss for petitioner's failure to exhaust remedies on some of the claims. On February 27, 2006, the court entered findings and recommendations, finding that the petition was mixed in that it contained both exhausted and unexhausted claims and recommending that it be dismissed with leave given to file a fully exhausted petition. The district court adopted these findings and recommendations on March 30, 2006.

On April 24, 2006, petitioner filed an amended petition; on May 23, 2006, the court found that it contained one unexhausted claim and directed petitioner to file a fully amended petition or to seek a stay to pursue state remedies.  On June 7, 2006, petitioner filed a second amended petition for a writ of habeas corpus.  Respondent has filed a second motion to dismiss, arguing that the amended petition is "mixed" and should be dismissed.

II. Analysis

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  If exhaustion is to be waived, it must be waived explicitly by respondent's counsel.  28 U.S.C. § 2254(b)(3).[1]  A waiver of exhaustion, thus, may not be implied or inferred.  A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).

The state court has had an opportunity to rule on the merits when the petitioner has fairly presented the claim to that court.  The fair presentation requirement is met where the petitioner has described the operative facts and legal theory on which his claim is based.  Picard, 404 U.S. at 277-78.  The United States Supreme Court has held that a federal district court may not entertain a petition for habeas corpus unless the petitioner has exhausted state remedies with respect to each of the claims raised.  Rose v. Lundy, 455 U.S. 509 (1982).  Generally, a mixed petition containing both exhausted and unexhausted claims must be dismissed.  Id. at 522.  While the district court has the authority to stay a mixed petition if it finds good cause for an earlier failure to exhaust and merit to the unexhausted claims, Rhines v. Weber, 544 U.S. 269 (1005), in this case petitioner previously has been advised of the requirements of Rhines and still has not made such a request or showing.

---

[1] A petition may be denied on the merits without exhaustion of state court remedies.  28 U.S.C. § 2254(b)(2).

Petitioner raises three claims in his petition: (1) the court improperly defined the word "furnishing" when instructing the jury; (2) the evidence as to several counts is insufficient; and (3) the court erred by failing to instruct on the lesser included offense of contributing to the delinquency of a minor. Pet. at 5-6.

Respondent argues that the third claim of error is unexhausted and asks the court to dismiss that claim and proceed only on the two exhausted contentions.

The court agrees that this claim is not exhausted. The Petition for Review filed in the California Supreme Court raised five claims: (1) what is the correct definition of "to furnish" in statutes prohibiting the furnishing of drugs and alcohol to minors; (2) does CALJIC No. 12.00 improperly omit the requirement that a controlled substance must be in a form sufficient to be used as a controlled substance; (3) is a minor who aids and abets an adult in furnishing unlawful substances to other minors an accomplice in the offense; (4) does Health and Safety Code § 11380.1 violate the equal protection clause; and (5) were the convictions supported by substantial evidence. Lodged Document 5. The claim of trial court error stemming from the failure to instruct on contributing to the delinquency of a minor was not included and accordingly is not exhausted. Accordingly, the petition is a mixed petition containing both exhausted and unexhausted claims.

In the usual case, the court would dismiss a mixed petition and direct petitioner to file a petition containing only unexhausted claims. In this case, however, respondent has, in essence, stipulated to this court's proceeding on the two exhausted claims without requiring that a third amended petition be filed. Motion To Dismiss at 4. Petitioner suggests that if he has not complied with previous orders, then he should be given counsel; he asks, in the alternative, that his case "be brought before the courts for ruling." Opposition at 1.

/////

/////

/////

1  Accordingly, IT IS HEREBY RECOMMENDED that respondent's motion to dismiss be denied, but that the petition proceed only on claims one and two, with respondent's answer to claims one and two due within sixty days after any order adopting these findings and recommendations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 14, 2007.

_____
U.S. MAGISTRATE JUDGE

2
mill2446.157