IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD ROY MILLER,<br><br>              Petitioner,<br><br>vs.<br><br>A.K. SCRIBNER, Warden,<br><br>              Respondent. | No. 2:04-cv-02446-JKS-KJM<br><br>ORDER |

       Petitioner, a state prisoner proceeding *pro se*, has filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262.

       On August 15, 2007, the Magistrate Judge filed Findings and Recommendations herein which were served on all parties and which contained notice to all parties that any objections to the Findings and Recommendations were to be filed within twenty days. No objections to the Findings and Recommendations have been filed.

       In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 72-304, this Court has reviewed the record on its face and finds no clear error. In addition, as to the third claim, failure to instruct on the lesser included offense of contributing to the delinquency of a minor, even if exhausted, it fails to present a claim cognizable in a federal habeas proceeding. Supreme Court precedent does not require a trial court to instruct the jury on a lesser included offense in a non-capital case, *Beck v. Alabama,* 447 U.S. 625, 638 (1980), and the Ninth Circuit has concluded that such a claim is not cognizable on federal habeas review. *Solis v. Garcia,* 219 F.3d 922, 929 (9th Cir. 2000); *see also* 28 U.S.C. § 2254(d)(1); *Brewer v. Hall,* 378 F.3d 952, 955 (9th Cir. 2004) ("If no Supreme Court precedent creates clearly established federal law relating to the legal issue the habeas petitioner raised in state court, the state court's decision cannot be contrary to or an unreasonable application of clearly established federal law.").

Accordingly, IT IS HEREBY ORDERED THAT:

1. Except as modified herein, the Findings and Recommendations filed August 15, 2007, are adopted;

2. Respondent's motion to dismiss at Docket No. 35 is DENIED, in part, and GRANTED, in part;

3. Petitioner's Third Claim for Relief is DISMISSED, with prejudice;

4. Respondent is directed to serve and file an answer to Claims One and Two that complies with Rule 5 of the Rules Governing Section 2254 Cases within 60 days of the date of this order; and

5. Petitioner is directed to file a reply within 20 days after Respondent has served and filed his answer.

Dated:  January 9, 2008

                                        s/ James K. Singleton, Jr.
                                        JAMES K. SINGLETON, JR.
                                        United States District Judge